UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

    Petitioner,

    v.                                   CAUSE NO.: 3:19-CV-29-PPS-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a writ of habeas corpus pursuant to 28 U.S.C. 2254, asking this court to restore his earned credit time and reverse his one-step demotion in credit class he lost in a prison disciplinary hearing. ECF 1, 5. He has also filed a motion for a temporary restraining order and preliminary injunction. ECF 24.

In his motion, Dodd asks the court to enter a temporary restraining order and preliminary injunction to "ensure [his] right to be free [from] retaliation for using the court system," and to "restore [his] right to be free from interference with court access." ECF 24-3 at 2. He also seeks an injunction in order to be "served [with] (1) one free copy of all [electronic] documents" filed in the court's e-filing system, to restore his due process rights pertaining to his classification hearings and appeals, and to be free from false disciplinary charges. *Id*. More specifically, in his motion, he claims injunctive relief is necessary at this juncture because the law library supervisor and prison staff have interfered with his right to access the courts by filing his court documents with missing

pages and he has yet to receive copies of the court's orders. *Id*. at 3. He states he has filed grievances against the law library supervisor and prison staff for their acts of retaliation against him for accessing the court system. *Id*. at 2-7. Dodd further asserts that injunctive relief is warranted because he has been subjected to false disciplinary charges and his due process rights were violated during his classification hearings and appeals. *Id*. at 2, 6-12. In sum, Dodd appears to be asking the court to issue a temporary restraining order and preliminary injunction to rectify a broad spectrum of complaints he has against the law library supervisor and prison staff related to his confinement.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citation omitted) (emphasis in original). To obtain a preliminary injunction:

> [A] plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted.

*Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly

issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation mark and citation omitted). Furthermore, the Prison Litigation Reform Act ("PLRA") "circumscribes the scope of the court's authority to enter an injunction in the corrections context." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). Under the PLRA, injunctive relief must be "narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id*. (quotation omitted)

This is a habeas corpus action challenging a prison disciplinary proceeding and Dodd cannot seek relief in this action pertaining to the allegations he has raised in his motion. As the United States Court of Appeals for the Seventh Circuit has explained:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which . . . , will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted). To the extent Dodd has an available remedy pertaining to the allegations he has raised in his motion, it is not in this case. Here, Dodd can only challenge his conviction for making or possessing intoxicants in ISP 18-09-198. If he has complaints about his access to courts, alleged false disciplinary reports, or his due process rights related to his classification hearings and appeals, he can initiate a separate lawsuit under 42 U.S.C. § 1983, subject

to all the usual constraints of the PLRA. The court offers no opinion about the merits of any potential claim he may have or the wisdom of pursuing this course.

Accordingly, the motion (ECF 24) is DENIED.

SO ORDERED.

ENTERED: July 29, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT