UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

        Petitioner,

v.                                    CAUSE NO. 3:19-CV-29-DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a motion (ECF 28) to reconsider the court's July 29, 2019, order (ECF 25) denying his motion for a temporary restraining order and preliminary injunction. In that order, the court denied Mr. Dodd's request for injunctive relief because it appeared to be premised on his desire to "rectify a broad spectrum of complaints he ha[d] against the law library supervisor and prison staff related to his confinement." ECF 25 at 2.

Specifically, the court advised Mr. Dodd that "[t]his is a habeas corpus action challenging a prison disciplinary proceeding and [he] cannot seek relief in this action pertaining to the allegations he has raised in his motion [for injunctive relief]." ECF 25 at 3. As the United States Court of Appeals for the Seventh Circuit has explained:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence- shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted). The court explained that, to the extent Mr. Dodd had an available remedy pertaining to the allegations he raised in his motion, it was not in this case. ECF 25 at 3. In other words, Mr. Dodd could only challenge his conviction for

making or possessing intoxicants in ISP 18-09-198. *Id.* However, if he had complaints about his access to courts, alleged false disciplinary reports, or his due process rights related to his classification hearings and appeals, the court advised him that he could initiate a separate lawsuit under 42 U.S.C. § 1983. *Id.* at 3-4.

In his motion for reconsideration, Mr. Dodd reasserts the same arguments he presented in his initial motion for injunctive relief. ECF 28 at 1-3. "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). In sum, Mr. Dodd's motion to reconsider is simply his attempt to rehash the same arguments he raised in his initial motion and has not provided any basis for overturning the court's ruling. As such, there is no new argument in the present motion that warrants disturbing the court's July 29, 2019, order.

For these reasons, the court DENIES the motion to reconsider (ECF 28).

SO ORDERED.

December 9, 2019            *s/ Damon R. Leichty*
                                                Judge, United States District Court