UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

        Petitioner,

    v.                                    CAUSE NO. 3:19-CV-29-DRL-MGG

WARDEN,

        Respondent.

OPINION & ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed an amended habeas corpus petition challenging his disciplinary hearing in case ISP 18-09-198, where a Disciplinary Hearing Officer (DHO) found him guilty of possessing intoxicants in violation of Indiana Department of Correction (IDOC) policy B-231 (ECF 5 at 1). Mr. Dodd was sanctioned with the loss of 30 days earned credit time, a one-step demotion in credit class, and a suspended 30-day loss of earned credit time from another disciplinary case (*Id.*). The Warden has filed a return and Mr. Dodd filed a traverse. Thus, this case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S.

539, 563-67 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

On September 15, 2018, Sergeant D. Koen wrote a conduct report charging Mr. Dodd with violating offense B-231, which prohibits inmates from "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-

2

4-2018.pdf. The conduct report states:

> On 9-14-2018 at approximately 6:30 p.m. I Sgt. D. Koen was assigned as the number one trip officer on the trip to St. Anthony's Hospital in Michigan City for offender Dodd, Jermaine DOC 112883. While in Emergency Room 12, the medical staff was taking off offender Dodd's clothing to put him in a gown. When they removed his pants, a Pepsi bottle containing intoxicants was inside. The item was confiscated and turned into I.I. locker 7.

(ECF 33-1 at 1). After returning to the prison, Sergeant Koen completed a notice of confiscated property form documenting that a Pepsi bottle containing clear liquid or intoxicants had been taken from Mr. Dodd (ECF 33-2 at 1). An Alco-Blow test was performed on the clear liquid in the Pepsi bottle, which showed high alcohol content (ECF 33-3 at 1). Photos of the Pepsi bottle and alcohol testing device are contained in the administrative record (ECF 33-4 at 1; 33-5 at 1). Sergeant Koen provided the following statement:

> On the day 9-15-2018 I Sgt D. Koen brought back contraband that was found on offender Dodd, Jermaine DOC 112883 at St. Anthony's hospital. The evidence was secured by myself and was in my possession on the way back to the facility. Once back at the facility I processed the contraband and placed it in an II locker.

(ECF 33-11 at 1). Officer Etheridge also provided a statement:

> At approximately 6:30 pm, I Ofc. Etheridge witness[ed] medical staff from St. Anthony's remove[] a [P]epsi bottle containing a clear [a]lcohol-like substance from offender, Dodd, Jermaine #112883 pant's [sic] pocket after being undressed for his medical gown.

(ECF 33-12 at 1).

On September 25, 2018, Mr. Dodd was notified of the charge when he was served with the conduct and screening reports (ECF 33-1 at 1; 33-6 at 1). He pleaded guilty to the charge (ECF 33-6 at 1). Mr. Dodd requested the assistance of a lay advocate and one was

3

provided for him (ECF 33-7 at 1). He didn't request any witnesses or physical evidence (ECF 33-6 at 1).

Mr. Dodd also completed a Request for Interview form on September 25, 2018 (ECF 33-8 at 1). On the form he indicated that, during his screening, he didn't plead guilty to the charge, he asked for the hospital's surveillance video for emergency room 12, he requested the hospital nurse or doctor who treated him to serve as a witness, and he wasn't read his rights (*Id.*). In response, the screening officer produced a declaration in which he testified that Mr. Dodd pleaded guilty and didn't request any witnesses or physical evidence (ECF 33-15 at 1). He also testified that he informed Mr. Dodd of his rights, as indicated by his initials next to the list of rights on the screening report (ECF 33-6 at 1; 33-15 at 1).

On September 27, 2018, the hearing officer held Mr. Dodd's hearing (ECF 33-9 at 1). Mr. Dodd produced an affidavit for the hearing officer and argued his case should be dismissed because his due process rights had been violated (ECF 33-10 at 1-2). In considering the affidavit and evidence in the case, the hearing officer concluded:

> Inmate's written statement irrelevant to CR – all are appeal issues. Memo submitted prior to hearing also irrelevant to CR. LA [lay advocate] provided by request at hearing. Memo submitted prior to hearing is unfounded – no evidence to support it.

(ECF 33-9 at 1). Based on the relevant evidence in the case, the hearing officer found Mr. Dodd guilty of violating offense B-231 (*Id.*).

In his petition, Mr. Dodd presents six grounds, which he claims entitles him to habeas corpus relief. In one ground, Mr. Dodd asserts that the screening officer was

4

partial or biased toward him because he was deprived of his right to confront adverse witnesses and present evidence (ECF 5 at 2). In this regard, he claims the screening officer did not read him his due process rights and incorrectly recorded on the screening report that he pled guilty to the offense and did not request any witnesses or physical evidence for his hearing.

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id*. at 666-67. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*. While due process protections require an impartial hearing officer, case law does not mention or discuss the role of the screening officer. Contrary to Mr. Dodd's contentions, the screening officer testified in a sworn declaration that Mr. Dodd pleaded guilty and did not request any witnesses or physical evidence (ECF 33-15 at 1). The screening officer further informed Mr. Dodd of his rights, as indicated by his initials next to the list of rights on the screening report (ECF 33-6 at 1; 33-15 at 1).

To the extent Mr. Dodd claims he was denied a fair hearing, he has not alleged that the hearing officer was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 667. Instead, he claims the "sanctions and recommendations were already drawn

5

up" before the hearing officer heard his case (ECF 5 at 2). But these facts do not show actual bias. *Hill-Bey v. Johnson*, No. 1:16-cv-00487, 2017 WL 2618917, at *4 (S.D. Ind. June 15, 2017) (offender asserted hearing officer prejudged the case, but "alleged no facts that would render the hearing office partial or biased"). Mr. Dodd also complains that the hearing officer immediately dismissed him and told him to leave the hearing (ECF 5 at 2). But he has not alleged that the hearing officer refused to consider his affidavit in which he argued his due process rights had been violated. Though it appears that Mr. Dodd may have thought the hearing officer was rude, this type of behavior does not constitute a denial of due process. *Wilson-El v. Brown*, No. 2:12-cv-063, 2013 WL 5918735, at *2 (S.D. Ind. Nov. 4, 2013) (no denial of due process even though hearing officer "became rude and agitated."). In other words, "a hearing officer that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process." *Id*. Because the hearing officer considered and weighed the evidence in this case, there is no evidence to suggest the hearing officer was biased or partial toward Mr. Dodd. Accordingly, this ground does not state a basis for granting habeas corpus relief.

In another ground of his petition, Mr. Dodd asserts that his due process rights were violated because he was improperly denied evidence (ECF 5 at 3). Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Mr. Dodd's right to present evidence

was satisfied. During his screening, he had the opportunity to request evidence in his defense. However, Mr. Dodd didn't request any witnesses or physical evidence (ECF 33-6 at 1). Instead, just two days before the hearing, he filled out a Request for Interview form requesting the hospital's surveillance video for emergency room 12 and the hospital nurse or doctor who treated him to serve as a witness (ECF 33-8 at 1). While Mr. Dodd claims that he requested this evidence during his screening, the screening officer testified that he did not request any evidence (ECF 33-15 at 1). Thus, the hearing officer denied Mr. Dodd's untimely request for evidence because he did not request it during his screening. *Hamilton v. O'Leary*, 976 F.2d 341, 346-47 (due process is not denied when prison officials deny untimely requests for evidence or refuse to consider evidence that could have been but was not timely requested).

However, even if Mr. Dodd was denied the opportunity to present evidence, he must establish that the denial of the evidence resulted in actual prejudice rather than harmless error. *Piggie,* 342 F.3d at 666. In his petition, he states that he intended to call the doctor or several nurses from St. Anthony's Hospital to testify that he had a Mountain Dew bottle, not a Pepsi bottle (ECF 5 at 3). However, a photo of the bottle shows that it was a Pepsi bottle (ECF 33-4 at 1). Furthermore, in Mr. Dodd's affidavit, he admitted that the Alco-Blow test was done on liquid contained in a Pepsi bottle (ECF 33-10 at 1).

In his petition, Mr. Dodd also asserts that he requested the hospital surveillance video for emergency room 12 (ECF 5 at 3). However, there is no indication in the record that this evidence existed or that it could be obtained because the incident occurred at St. Anthony's Hospital, a private organization. In other words, the Warden neither had

7

control of nor authority to produce the footage for the disciplinary hearing. And here due process does not require prison officials to issue a subpoena to obtain information for a disciplinary hearing. To the contrary, this circuit has noted that an inmate's request for a civilian witness could not be granted because the prison "lacked compulsory process to require civilians to appear before it." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). This reasoning comports with the procedural requirements for disciplinary cases addressed by federal courts. *See Wolff*, 418 U.S. at 556 ("the full panoply of rights due a defendant in such proceedings does not apply"); *Lenea v. Lane*, 882 F.2d 1171, 1173-74 (7th Cir. 1989) ("It is well-settled that prison disciplinary proceedings are sui generis, governed by neither the evidentiary rules of a civil trial, a criminal trial, nor an administrative hearing."). Accordingly, because Mr. Dodd cannot show that the denial of this evidence actually harmed his defense or that there was a substantial and injurious effect on the outcome of his disciplinary hearing, this ground does not state a basis for granting habeas corpus relief.

In another ground, Mr. Dodd argues there was insufficient evidence to find him guilty (ECF 5 at 4). In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Sergeant Koen documented that, on September 14, 2018, at about 6:30 p.m., he was assigned as the number one trip officer to accompany Mr. Dodd to St. Anthony's Hospital (ECF 33-1 at 1). While in emergency room 12, the medical staff took off Mr. Dodd's clothing to put him in a gown and, in doing so, they found a Pepsi bottle containing intoxicants inside the pocket of his pants (*Id*.). In light of Sergeant Koen's

conduct report, there was more than "some evidence" for the hearing officer to find Mr. Dodd guilty of violating offense B-231.

Furthermore, additional evidence in the record supports the conduct report. For example, Sergeant Koen filled out a notice of confiscated property form documenting that he confiscated a Pepsi bottle containing intoxicants from Mr. Dodd (ECF 33-2 at 1). An Alco-Blow test performed on the liquid in the Pepsi bottle showed the liquid had a high alcohol content (ECF 33-3 at 1). Photos taken of the Pepsi bottle and Alco-Blow testing device further document the incident (ECF 33-4 at 1; 33-5 at 1). Sergeant Koen and Officer Etheridge wrote statements indicating that St. Anthony's Hospital's medical staff found a contraband Pepsi bottle in the pocket of Mr. Dodd's pants when he was undressed, and the contraband bottle was brought back to the prison for processing (ECF 33-11 at 1; 33-12 at 1). Because the hearing officer appropriately considered Sergeant Koen's conduct report, the notice of confiscated property form, the Alco-Blow test results, the photographic evidence, and Sergeant Koen's and Officer Etheridge's statements, there was no violation of Mr. Dodd's due process rights. *Hill*, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board"). Accordingly, because the hearing officer's finding of guilt was neither arbitrary nor unreasonable, this ground does not identify a basis for granting habeas corpus relief.

In his petition, Mr. Dodd asserts that the notice of confiscated property form was invalid because the wrong IDOC number was listed on the form (ECF 5 at 2). In this regard, Mr. Dodd states his IDOC number is 112883, but the notice lists IDOC number

9

112993 (*Id*.). The court's review of the notice shows that Mr. Dodd's IDOC number is correctly listed because the handwritten IDOC number appears to be 112883 (ECF 33-2 at 1). However, even if the notice had the wrong IDOC number listed, Mr. Dodd has not explained how this error harmed his defense or that it had a substantial or injurious effect on the outcome of his proceeding. Thus, he has not shown how writing the wrong IDOC number on the notice deprived him of his due process rights and amounted to anything more than harmless error. *Piggie,* 342 F.3d at 666. Accordingly, Mr. Dodd is not entitled to habeas corpus relief on this ground.

In another ground, Mr. Dodd asserts that his due process rights were violated because the Alco-Blow test was performed on the Pepsi bottle, and not him (ECF 5 at 4). He claims the test results were inadequate and inadmissible because he never blew into the Alco-Blow device to have his alcohol level tested (*Id*.). However, he is mistaken. The Alco-Blow test instrument may be used to test liquid in a container to determine if there is alcohol in it. http://www.pretech.co. nz.products/e_alcoblow. html (last visited July 28, 2020). Accordingly, Mr. Dodd's due process rights were not violated.

Furthermore, to the extent Mr. Dodd claims that prison officials violated IDOC policy because the Alco-Blow test results were not memorialized on an approved state form, did not list the time the test was done, and did not have a cause number, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008)

10

(inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Accordingly, Mr. Dodd's claim regarding violations of prison policy cannot be remedied in a habeas corpus petition.

As discussed, due process protections for disciplinary proceedings under 28 U.S.C. § 2254 are set forth in cases such as *Hill*, 472 U.S. at 454, and *Wolff,* 418 U.S. at 563-67. Under *Wolff* and *Hill,* Mr. Dodd received all the process to which he was entitled for his September 27, 2018, disciplinary proceeding. For example, the conduct report explained the basis for the intoxicants possession charge and the screening report provided Mr. Dodd with advance written notice of the charge (ECF 33-1 at 1; 33-6 at 1). Mr. Dodd was afforded the opportunity to call witnesses and present documentary evidence in his defense, appear before the hearing officer, and provide an affidavit at the hearing concerning the charge (ECF 33-6 at 1; 33-9 at 1; 33-10 at 1-2). Mr. Dodd also requested the assistance of a lay advocate and was provided with one (ECF 33-7 at 1). After reviewing the evidence, the hearing officer issued a written reason for his decision and the sanctions that were imposed (ECF 33-9 at 1). As a result, the hearing officer's decision was neither arbitrary nor unreasonable because it was supported by the evidence in the case. In sum, there were no constitutional defects in Mr. Dodd's disciplinary proceedings.

As a final matter, Mr. Dodd has filed eight motions related to his disciplinary case (ECF 35; 37; 38; 42; 44; 48; 49; 50). To the extent, he requests an evidentiary hearing (ECF 35) and a pretrial conference (ECF 50), these requests are unnecessary and will be denied. To the extent, Mr. Dodd asks for appointment of counsel for the evidentiary hearing (ECF 37) and appointment of counsel for pretrial and trial matters (ECF 42), he has clearly

shown he understood the facts in this case and was capable of explaining why he believed he should not have been found guilty of possessing intoxicants. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side."). Because there is no indication that he could not have obtained justice without the assistance of an attorney, these motions (ECF 37; 42) will be denied.

Furthermore, to the extent Mr. Dodd seeks the production of documents and, in particular, documents pertaining to tampered evidence, he has not explained why he is requesting this information. On October 11, 2019, the Warden produced the full and complete administrative record in this case, which contained all of the information Mr. Dodd needed to prosecute his case (ECF 33). Because he has not shown good cause for requesting evidence outside the administrative record, his motions (ECF 44; 48; 49) will be denied.

Finally, to the extent Mr. Dodd claims the Warden refused to notarize his motion for an evidentiary hearing (ECF 38), the court does not require that court documents be certified by a notary public. Therefore, this motion will be denied as unnecessary.

If Mr. Dodd wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma*

12

*pauperis* on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES Jermaine D'Shann Dodd's amended petition for writ of habeas corpus (ECF 5);

(2) DENIES AS UNNECESSARY Jermaine D'Shann Dodd's motion titled "Petitioner's Motion for an Evidentiary Hearing on a 28 U.S.C. § 2254 Habeas Corpus Petition Challenging a Prison Disciplinary Proceeding" (ECF 35);

(3) DENIES Jermaine D'Shann Dodd's motion titled "Petitioner's Motion for Appointment of Counsel for a[n] Evidentiary Hearing Within a 28 U.S.C. § 2254 Habeas Corpus Petition Challenging a Prison Disciplinary Proceeding" (ECF 37);

(4) DENIES AS UNNECESSARY Jermaine D'Shann Dodd's motion titled "Petitioner's Motion Notifying this Court that the Respondents Have Once Again Interfered with the Petitioner's Right to Access to the Courts by Not Notarizing Petitioner's Motion for an Evidentiary Hearing Which Was Attached to Petitioner's Memorandum Brief in Support of Petitioner's Motion for an Evidentiary Hearing to Try Issues of Fact Not Law" (ECF 38);

(5) DENIES Jermaine D'Shann Dodd's motion titled "Petitioner's Motion for Court Appointed Counsel Pursuant to 18 U.S.C. § 3006A(G) for Pretrial and Trial Purposes" (ECF 42);

(6) DENIES Jermaine D'Shann Dodd's motion titled "Petitioner's Motion for Leave of Court for Discovery Purposes for Pretrial Conferences Scheduling Pursuant to Rule 6 Governing 28 U.S.C. § 2254 Proceedings" (ECF 44);

(7) DENIES Jermaine D'Shann Dodd's motion titled "Petitioner's Motion for Request for Discoveries for Utilization of Discovery Procedures for a Petitioner Who Qualifies for the Appointment of Counsel under 18 U.S.C. § 3006A(G)" (ECF 48);

(8) DENIES Jermaine D'Shann Dodd's motion titled "Petitioner's Motion for Discovery for Leave of Court Pursuant to Rule 6 Governing Section 2254 Cases in the United States District Court Involving a 28 U.S.C. 2254 Habeas Corpus Petition Challenging a Disciplinary Proceeding" (ECF 49);

(9) DENIES AS UNNECESSARY Jermaine D'Shann Dodd's motion titled "Petitioner's Motion Under Federal Rules of Civil Procedure Rule 16(a) and (c) for Pretrial Conferences for Matters for Consideration" (ECF 50); and

(10) DIRECTS the clerk to close the case.

SO ORDERED.

July 28, 2020　　　　　　　　　　　　　　　*s/ Damon R. Leichty*  
　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court